UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

RACHEL MCDONOUGH,

    Plaintiff,

v.

CAPITAL ONE FINANCIAL CORPORATION, *et al.*,

    Defendants.

Case No. 1:19-cv-984

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION, OR, IN THE ALTERNATIVE, CORRECTION OF ORDER**

Defendants Capital One Financial Corporation, Capital One, N.A., and Capital One Bank (USA) (collectively, "Defendants" or "Capital One") request that the Court reconsider, or, in the alternative, correct its Order transferring this action to the Richmond Division (Dkt. No. 6) (the "Order).

**INTRODUCTION**

Since Capital One announced on July 29, 2019 that it was the target of a cyber-attack, it has been named as a defendant in over 45 class action lawsuits currently pending in district courts across the country. This case—and the cases with which it was directed to be consolidated pursuant to the Order—all relate to that cyber incident, and as discussed below, there are motions for transfer and consolidation under 28 U.S.C. § 1407 pending before the Judicial Panel on Multidistrict Litigation ("JPML"). Capital One expects the JPML to resolve the § 1407 motions in short order and to create an MDL for all the related actions.

Capital One seeks reconsideration of the Order for three reasons: (1) the Order was entered *sua sponte*, and neither Capital One nor Plaintiff had an opportunity to be heard on the issues of transfer or consolidatoi; (2) the most efficient and appropriate course of action where a JPML decision on transfer and consolidation is pending is to stay proceedings, rather than to consolidate a subset of related cases on a piecemeal basis (as will be outlined in Capital One's forthcoming motion to stay); and (3) the Order appears to have been granted based on a mistaken application of the first-filed rule. In the alternative, should the Court deny Capital One's request for reconsideration, Capital One respectfully requests that the Court correct its Order with regard to the statement that *Heath et al. v. Capital One Financial Corp., et al.*, 3:19-cv-555 was the first-filed of the related cases in this District, which appears to have been based on an inaccurate statement or misunderstanding of a statement made by plaintiffs in a different action.

## BACKGROUND

This case is one of over 45 putative federal class actions filed in connection with the cyber incident that Capital One announced on July 29, 2019. Given the number of cases that have been filed related to the cyber incident, motions for consolidation and transfer have been filed with the JPML in *In re Capital One Consumer Data Breach Litigation*, MDL No. 2915 (J.P.M.L. July 31, 2019) ("*In re Capital One*"). In addition, numerous notices of related actions have been filed in *In re Capital One*, and additional related cases continue to be filed and be noticed to the JPML. The deadline to respond to the pending Section 1407 motions is August 26, 2019, and the JPML will hear oral argument on the motions on September 26, 2019. Capital One expects the JPML to issue an order regarding consolidation and transfer shortly after the September 26 hearing.

Given the location of Capital One headquarters in McLean, Virginia, it is understandable that cases arising from the cyber incident were filed in this district. The first case filed in this Court against Capital One was *DuWayne Baird v. Capital One Financial Corp. et al.*, 1:19-cv-00979, which was filed in the Alexandria Division on July 30, 2019.

On August 12, 2019, plaintiffs in different action—*Castro et al. v. Capital One Financial Corp.*, No. 1:19-cv-01008 (E.D. Va.)—filed a motion in that case to consolidate 13 cases filed in the Eastern District of Virginia "on an interim basis for the purpose of conducting a status conference." *Castro*, Dkt. No. 5. The *Castro* plaintiffs represented that of the related cases filed in this District, "[t]hree cases are pending in Richmond, two (and the first filed) before Judge Gibney." *Castro*, Dkt. No. 6 at 2. That appears to have been a reference to *Heath et al. v. Capital One Financial Corp. et al.*, No. 3:19-cv-555, as this Court's Order notes that "Civil Action 3:19-cv-555 is assigned to the Honorable John A. Gibney, Jr. . . . which was the first of these related actions filed in this district." Order (Dkt. No. 6) n.1. But *Heath* was *not* the first filed case in this District. It was filed on August 2, 2019—making it the seventh case filed in this District.

The Court's Order this action to the Richmond Division to be consolidated with the *Heath* action. For the reasons that follow, Defendants respectfully request that the Court reconsider the Order.

**ARGUMENT**

Under Rule 54(b) of the Federal Rules of Civil Procedure, an interlocutory order of the court is subject to revision "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.,* 326 F.3d 505, 514-15 (4th Cir. 2003) (citing Rule 54(b)); *Evans v. Trinity*

3

*Indus.*, 148 F. Supp. 3d 542, 544 (E.D. Va. 2015) (same). Reconsideration and revision of an order under Rule 54(b) is discretionary with the district court. *See Evans*, 148 F. Supp. 3d at 544; *Glenn v. Inland Container Corp.*, No. 3:92CV27, 1992 U.S. Dist. LEXIS 22625, at *2-3 (E.D. Va. May 13, 1992).

This Court should reconsider and vacate its Order for three reasons.

***First***, at the time the Court entered the Order, Neither Plaintiff nor Defendants had yet had an opportunity to be heard. Although the Court has broad discretion to enter case management orders, parties have the right to be heard on procedural decisions like consolidation. *See A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co.*, 559 F.2d 928, 933 (4th Cir. 1977) ("[T]he district court should consider, after providing the parties an opportunity to be heard, whether [appellees'] indemnification claim should be consolidated with the [other] suits."). In addition, the Court did not have all parties subject to the motion for consolidation before it at the time it issued the Order. Capital One had not (and has not) yet been served. And Plaintiff in this action has moved the JPML to consolidate all of the related cases in the Alexandria Division of this Court. *See* MDL 2915, Dkt. No. 4 (J.P.M.L.). Capital One, in short, respectfully submits that it and the other affected parties should be afforded an opportunity to be heard on this matter.

***Second***, if Capital One had been permitted to respond, it would have argued that consolidating—and holding status conferences in—certain of the cases filed in this District is an unnecessary waste of the Court's and the parties' resources in light of the imminent decision from the JPML. Capital One has been named as a defendant in over 45 cases spanning 17 different judicial districts, and the JPML is best positioned to globally consolidate and transfer *all* the related actions to an MDL transferee judge. Requiring Capital One to engage in interim,

4

pretrial proceedings in only a small subset of the cases filed against it would undermine the purpose of the multidistrict litigation statute: to "promote the just and efficient conduct of [related] actions." 28 U.S.C. § 1407(a).

The best course in these circumstances is to simply stay proceedings, deferring to the JPML and MDL transferee judge to make determinations about transfer, consolidation, and coordination. *See, e.g., Commonwealth of Va. ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14-cv706, 2015 WL 222312, at *3 (E.D. Va. Jan. 14, 2015) ("Courts frequently grant stays while awaiting a JPML decision about the inclusion of a pending case into an MDL. . . ." (citing *Sehler v. Prospect Mortg., LLC*, No. 1:13cv473, 2013 WL 5184216, at *2 (E.D. Va. Sept. 16, 2013))); *Clinton v. GEICO*, No. 2:16-cv-430, 2016 WL 9308421, at *1 (E.D. Va. Nov. 23, 2016) ("[C]ourts frequently grant stays in cases when an MDL decision is pending." (citations omitted)). Accordingly, a motion to stay this action is forthcoming.

Given that the JPML will hear argument on the motions for transfer and consolidation in a matter of weeks (on September 26, 2019), there is no need to consolidate this subset of cases now—and staying them would in no way prejudice Plaintiffs. *See Pagliara v. Fed. Home Loan Mortg. Corp.*, No. 1:16-cv-337, 2016 WL 2343921, at *3 (E.D. Va. May 4, 2016) (finding "[a]ny hardship to [plaintiff] . . . inconsequential" where the JPML would hear argument in 22 days (internal citations omitted)); *Litchfield Co., LLC v. BP, P.L.C.*, No. 2:10-cv-1462, 2010 WL 2802498, at *2 (D.S.C. July 14, 2010) ("A delay of a few months, while longer than some of the cases cited by the parties, is, nonetheless, slight when compared to the hardship to the defendants and the interests of judicial economy."). In fact, consolidating these cases and holding interim, pretrial proceedings could prejudice the plaintiffs who filed actions in other judicial districts and wish to participate in any eventual consolidated proceedings.

*Third*, the Court erred to the extent it relied on the first-filed rule in transferring and consolidating these cases with the *Heath* action pending before Judge Gibney.  The *Castro* plaintiffs' assertion that "[t]hree cases are pending in Richmond, two (and the first filed) before Judge Gibney," *Castro*, Dkt. No. 6 at 2, was incorrect.  *Heath* was not the first filed case in this District; the *Baird* action was the first action filed in this District, and before the Order was entered, *Baird* was pending before this Court in the Alexandria Division.  At a minimum, the Court's order should be corrected so that future courts do not refer to the *Heath* case as the first-filed action in this district, which is factually incorrect.

## CONCLUSION

Defendants respectfully request that this Court reconsider and vacate the Order (Dkt. 6), or in the alternative, correct the Order so that it does not refer to *Heath* as the first-filed case in this district.

Respectfully submitted, this 15th day of August, 2019.

**CAPITAL ONE FINANCIAL CORPORATION**
**CAPITAL ONE, N.A.**
**CAPITAL ONE BANK (USA), N.A.**

*/s/ Mary C. Zinsner*_____
Mary C. Zinsner (VSB No. 31397)
TROUTMAN SANDERS LLP
401 9th Street, NW
Suite 1000
Washington, DC 20004
Telephone: (703) 734-4334
Facsimile: (703) 734-4340
mary.zinsner@troutman.com

Robert A. Angle (VSB No. 37691)
Jon S. Hubbard (VSB No. 71089)
Harrison Scott Kelly (VSB No. 80546)
TROUTMAN SANDERS LLP 1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1200

Facsimile: (804) 697-1339
robert.angle@troutman.com
jon.hubbard@troutman.com
scott.kelly@troutman.com

David L. Balser (*pro hac vice forthcoming*)
S. Stewart Haskins II (*pro hac vice forthcoming*)
John C. Toro (*pro hac vice forthcoming*)
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Tel.:  (404) 572-4600
Fax:  (404) 572-5140
dbalser@kslaw.com
shaskins@kslaw.com
jtoro@kslaw.com

*Counsel for Capital One Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of August 2019, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Mary C. Zinsner*_____
Mary C. Zinsner (VSB No. 31397)
TROUTMAN SANDERS LLP
401 9th Street, NW
Suite 1000
Washington, DC 20004
Telephone: (703) 734-4334
Facsimile: (703) 734-4340
mary.zinsner@troutman.com


*Counsel for Capital One Defendants*
